IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL L. BEATTIE,

        Plaintiff,

   v.

SUE REISENHOOVER, et al.,

        Defendants.
_____/

No. C 11-01187 CW (PR)

ORDER OF SERVICE

INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at R.J. Donovan State Prison in San Diego, has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs.  His motion for leave to proceed in forma pauperis has been granted.

Venue is proper because the events giving rise to the claim are alleged to have occurred at Pelican Bay State Prison (PBSP), which is located in this judicial district.  See 28 U.S.C. § 1391(b).

DISCUSSION

I.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  Id. § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.

Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

II.  Factual Background

The events at issue occurred when Plaintiff was housed in the Transitional Housing Unit (THU) at PBSP in 2009.  Plaintiff names the following Defendants: PBSP Nurse Practitioner Sue Reisenhoover, PBSP Nurse Practitioner Nancy Adams, PBSP gastroenterologist Thomas Martinelli and PBSP Chief Medical Officer (CMO) Michael Sayre.

Plaintiff suffers from ulcerative colitis (UC), a condition with which he was first diagnosed in 1998.  The condition went into remission for some years, but recurred in May 2009. According to Plaintiff, from May through October 2009 he had repeated visits and communications with Defendants concerning the extreme pain and suffering he was experiencing from his UC, but they provided inadequate care, including repeatedly prescribing medications that didn't work and caused serious side effects, and not providing sufficient pain management.

At the end of October 2009, Plaintiff was transferred to the hospital for intravenous treatment with a new drug approved for UC.  As a side effect of the treatment, he developed a urinary tract infection with the attendant symptoms of pain and

discomfort. Defendants were aware of the infection, but Plaintiff was not treated for the infection or its symptoms for a week.

Between December 2009 and May 2010 Plaintiff's UC symptoms improved, but in early May 2010 they returned full force. Thereafter, in response to Plaintiff's requests for medical attention, CMO Sayre told Plaintiff that there was nothing more he could do for Plaintiff until Plaintiff's colon deteriorated to the point it would have to be surgically removed.

Plaintiff requested a transfer to R.J. Donovan State Prison for medical reasons and was transferred in November 2010.

Plaintiff claims that Defendants acted with deliberate indifference to his serious medical needs between May 2009 and November 2010 by (1) leaving him on medications they knew were not working, (2) doing nothing to treat his pain and suffering, and (3) doing nothing to treat the painful side effects of the medications.

III. Legal Claims

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition

3

could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle, 429 U.S. at 104). A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Here, Plaintiff has alleged facts which, when liberally construed, show that during the period of his incarceration at PBSP (1) he suffered from UC, a serious medical need, (2) Defendants knew Plaintiff faced a substantial risk of serious harm from his condition and drug side effects, and (3) Defendants disregarded the serious risk of harm to Plaintiff by failing to treat his condition and drug side effects promptly and to provide adequate pain management. Accordingly, the Court finds Plaintiff's allegations state a cognizable claim against Defendants for deliberate indifference to Plaintiff's serious medical needs.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable Eighth Amendment claim against Defendants for deliberate indifference to his serious medical needs.

The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1) and a copy of this Order to PBSP Nurse Practitioner Sue Reisenhoover, PBSP Nurse Practitioner Nancy Adams, PBSP gastroenterologist Thomas Martinelli and PBSP Chief

4

<u>Medical Officer Michael Sayre.</u>

The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before <u>sixty (60) days</u> from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due <u>sixty (60) days</u> from the date on which the request for waiver was sent or <u>twenty (20) days</u> from the date the waiver form is filed, whichever is later.

3. Defendants shall answer the complaint in accordance with

5

the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

    a.    No later than <u>ninety (90) days</u> from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

    b.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than <u>sixty (60) days</u> after the date on which Defendants' motion is filed.  The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a

6

>     genuine issue of material fact for trial.  If you do not
>     submit your own evidence in opposition, summary
>     judgment, if appropriate, may be entered against you.
>     If summary judgment is granted [in favor of the
>     defendants], your case will be dismissed and there will
>     be no trial.

See <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce <u>evidence</u> in support of those allegations when he files his opposition to Defendants' dispositive motion.  Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

   c. Defendants shall file a reply brief no later than <u>thirty (30) days</u> after the date Plaintiff's opposition is filed.

   d. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

  4. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

  5. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been

7

designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

    6.   It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

    7.   Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>fifteen (15) days</u> prior to the deadline sought to be extended.

    IT IS SO ORDERED.

DATED: 10/7/2011



CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MICHAEL LOUIS BEATTIE,

    Plaintiff,

v.

SUE REISENHOOVER et al,

    Defendant.

Case Number: CV11-01187 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 7, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Louis Beattie H-93682
F3-14-217
R.J. Donovan
P.O. Box 799003
San Diego, CA 92174

Dated: October 7, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

9